■ ELLA G. SCHMELTZ, Appellant, v. CLARENCE M. MOREHOUSE et al., Respondents. HENRY C. SCHMELTZ, Appellant, v. CLARENCE M. MOREHOUSE et al., Respondents.— In personal injury and derivative negligence actions consolidated for the purpose of trial, plaintiffs — husband and wife — appeal from a judgment of the Supreme Court at Trial Term entered upon jury verdicts of no cause of action and from its order denying their motions to set aside the verdicts upon the grounds that they were contrary to and against the weight of the evidence. The collision from which the lawsuits arise occurred in the late evening of September 12, 1960 when a motor vehicle owned by one defendant and operated by the other, in which plaintiff wife was seated, when about to be maneuvered from a stopped position along the curb of a public street in the City of Albany was caused to reverse its course and to strike an automobile parked to its rear by the driver's inadvertent use of the acceleration pedal instead of its brake. The sole reason ascribed by Trial Term for its refusal to set aside the verdicts was that "there was sufficient evidence for the jury to find that the collision was not severe enough to cause the injuries complained of or that the plaintiff was not injured at all by reason of the accident described." Respondents rest their argument for affirmance here on the same grounds. Though defendant driver testified that the jar of the collision was slight it appears that the impact of the two vehicles was of such force that the grille of the rear car was damaged, its radiator punctured, one headlight broken and its operator injured; additionally its rear bumper was dented as the result of its backward thrust into a third vehicle. This proof not only is undisputed but was educed from a disinterested witness who had physically perceived the severity of the collision of the vehicles. Plaintiff wife testified that at the instant of the collision she was thrown first against the seat which she occupied and then against the adjacent car door and felt a snap in her neck; that because of pain in this region she was unable to sleep upon her arrival at home and on the next day consulted her family physician. His testimony was that upon examination he found tenderness, marked muscle spasm and a restriction of motion in the vicinity of her neck and back "down to the thoracic spine"; he prescribed a muscle relaxant and an analgesic, recommended the application of external heat to the injured parts and directed an X-ray examination by a roentgenologist which proved to be negative as to dislocation or fracture of the vertebrae; during the next several weeks diathermic treatments were administered at the attending physician's office with resultant gradual improvement and the ultimate disappearance of plaintiff's symptoms; he testified unequivocally to causal relation. The testimony of Mrs. Schmeltz was unimpeached and indeed supported by the facts and circumstances of the accident. The professional evidence given by her doctor was also uncontroverted although the possibility of its contradiction existed since his patient had been examined at the instance of defendants by a physician of their choice who was not called as a witness at the trial. Essentially respondents' thesis is that the medical testimony adduced from the attending physician on cross-examination was so contradictory, ambiguous and evasive and the recordations in his office records so confused and unreliable as to destroy his credibility and thus to justify the jury's conclusion that Mrs. Schmeltz sustained no injuries in the accident. Fairly read his testimony does not persuade us to this conclusion. The proof in this record is so preponderant in plaintiffs' favor

on the issues of liability, injuries and damages that the jury could not have arrived at the results reached upon any fair interpretation of the evidence. We consider the verdicts to be against the weight of the evidence. Judgment and order reversed, on the law and the facts, and a new trial granted, with costs to abide the event. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.